# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| STEPHEN OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-CV-120 |
| ) | |
| TYSON FOODS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is an Unopposed Motion for Agreed Protective Order filed by Defendants seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 24.) As the proposed order contains numerous deficiencies, it will be DENIED.

First, the proposed order's definition of "confidential information" is overly broad and vague. It provides:

> Materials and information protected by this Agreed Protective Order shall include all documents produced by Defendant in the above-captioned manner, which contain Defendant's proprietary and/or confidential information regarding Defendant's business operations, including proprietary corporate policies and training materials . . . [and] employee training materials and employment policies . . . .

(Proposed Agreed Protective Order ¶ 1.)

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to

a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the proposed order sets forth such broad and faceless categories of confidential information that it really fails to create *any* meaningful, demarcated categories. As a result, the Court is not satisfied that the parties know what information constitutes protected "confidential information." *See Cincinnati Insurance*, 178 F.3d at 946. Indeed, if the Court were to approve this order, the parties would seemingly be afforded a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order is not limited to solely the discovery phase of the proceedings. *Id.* at 944. The Seventh Circuit Court of Appeals has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945.

Moreover, the proposed definition of "confidential information" incorporates two "fudge" terms—"includes" and "contain"—that expand its boundaries even further. *See id.* (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency). The proposed order should seek to protect only a narrowly-defined category of information—not all materials that "contain" or "include" such information.

In that regard, the proposed order should incorporate a method of redaction. *Cincinnati*

*Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). That is, it should provide for the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

Furthermore, the proposed order fails to adequately explain why the material it seeks to protect is confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)). In that regard,

> "Non-public" is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49. For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* Here, just because a party does not generally release certain information to the public, does not necessarily mean that the release of such information will rise

3

to the level of causing competitive harm or creating a competitive advantage for others.

Also, the Seventh Circuit has made it clear that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* Language permitting an interested member of the public to challenge the secreting of particular documents is missing from the tendered order.

In addition, paragraph 12 of the proposed order states that it shall continue to be binding after the conclusion of the litigation, suggesting that the Court will retain jurisdiction. However, "[t]he Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

And finally, although Defendants represent that the proposed Order is agreed to by all parties, neither it, nor the motion seeking the order, is signed by Plaintiff's counsel. An agreed protective order should be signed by all counsel.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. The Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v.*

4

*Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Notwithstanding the foregoing, "[o]btaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For these reasons, the Court DENIES approval of the proposed agreed protective order submitted by the parties (Docket # 24). Of course, the parties may submit a revised protective order that cures the identified deficiencies and is consistent with the requirements of Federal Rule of Civil Procedure 26(c)(1) and Seventh Circuit case law.

SO ORDERED.

Enter for this 3rd day of February, 2012.

                                            S/ Roger B. Cosbey
                                            Roger B. Cosbey,
                                            United States Magistrate Judge