UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEPHEN C. OLIVER,            ) | |
|                               ) | |
|     Plaintiff,            ) | |
|                               ) | |
| v.                            ) | Case No. 1:11-cv-120 |
|                               ) | |
| TYSON FOODS, INC., et al.,    ) | |
|                               ) | |
|     Defendants.           ) | |

## OPINION AND ORDER

Before the Court is a Motion for Sanctions filed by Defendant Tyson Foods, Inc. (Docket # 33), under Federal Rule of Civil Procedure 37(a)(5), stemming from the Court's November 3, 2011, Order granting in part Tyson's motion to compel (Docket # 15 ,19).[1] In that order, Plaintiff Stephen Oliver was directed to answer the Defendant's long over-due interrogatories and to produce a signed medical release and documents responsive to an equally over-due production request. (Docket # 19.) Oliver timely complied with that order. (Docket # 20.)

Another topic at that hearing was the request that Oliver be ordered to submit to a deposition. The issue was complicated by the fact that Oliver had abruptly moved to California and was now out of money and could not pay for a return trip to Indiana for a deposition. The Court took the balance of the Motion to Compel under advisement and ultimately, after Oliver's financial situation was confirmed by his affidavit filed on November 14, 2011 (Docket # 21),

---

[1] The motion is a misnomer as sanctions follow from the failure to comply with a court order under Federal Rule of Civil Procedure 37(b), but this motion is actually brought under the fee shifting provision set out in Rule 37(a)(5).

Tyson made provisions to depose him in California, and the remainder of the motion was withdrawn.

Tyson now seeks attorney fees, however, limited to that portion of the motion that was granted and attributes three hours of attorney time to the effort at a rate of $335 per hour.

Oliver argues that fees should not be granted because only part of the motion was granted, the balance having been withdrawn, and he is indigent, citing his affidavit filed on November 14, 2011.

Federal Rule of Civil Procedure 37(a)(5)(A) governs the imposition of expenses related to a motion to compel and provides, in pertinent part:

> (A) If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). This Rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787.

Notably, Oliver never objected to Tyson's interrogatories or production requests. (Defs.' Mem. of Law ¶ 7.)  Rather, Oliver argues that given his circumstances, both physical and financial, he should

2

not have to pay attorney fees because no bad faith has been shown, he is effectively indigent, and the motion to compel was not entirely successful. (Pl.'s Resp. ¶¶ 9-12.)  In short, Oliver argues that, as Rule 37(a)(5)(A)(iii) provides, payment should not be ordered because these "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

But Oliver's proffered excuses for his delay fall short of satisfying the exceptions from payment articulated in Rule 37(a)(5).  Stated succinctly, "the loser pays" unless he establishes "that his position was substantially justified." *Rickels*, 33 F.3d at 786-87.  Oliver chose to commence this suit (and to then move to California, presumably exacerbating his alleged communication problems) and, accordingly, the alleged absence of bad faith—or as he puts it, "purposeful unwillingness"—is not a relevant consideration.  He also does not contest the discovery itself, making it particularly apparent that substantial justification is lacking.

Accordingly, expenses should be awarded unless the fact that part of the motion was later withdrawn—making the motion only partially granted—is legally significant.  Of course, if a motion is granted only in part and denied in part, a court can apportion expenses as it sees fit under Federal Rule of Civil Procedure 37(a)(5)(C).  That said, the motion to compel here was withdrawn in part only after the Court intervened and encouraged the taking of Oliver's deposition in California, and thus Tyson's counsel accommodated Oliver's physical and financial limitations; absent such intervention, the Court would have granted the motion to compel with similar provisions.  Moreover, the current motion does not seek fees for that portion of the motion that was withdrawn so no further apportionment is necessary.

Finally, Oliver argues that expenses should not be awarded because he is essentially indigent, or at least that was his condition last November when he submitted his affidavit.  No similar proof, updated to the present, has been submitted in opposition to the current motion.  Even if, however, the Court

assumes that Oliver's financial situation has not changed, indigency alone does not make an award of expenses unjust. *Banty v. Dings Co. Magnetic Grp.*, No. 09-C-0963, 2010 WL 4337905, at *3 (E.D. Wis. Oct. 22, 2010) (citing *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 520 (D. Md. 1984)).

Turning finally to the amount requested by Tyson—$1,005 for three hours of legal work—the billing records provided by counsel only reflect 2.2 hours of work.[2] (Defs.' Mem. of Law Ex. F.) Therefore, Tyson's requested fee must be reduced accordingly.

For the foregoing reasons, Tyson's motion (Docket # 33) is GRANTED, and attorney fees are awarded against Stephen C. Oliver in the amount of $737.

SO ORDERED.

Entered this 25th day of May, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] The billing rate is not challenged and the record reflects that the Defendant has, in fact, paid the fees charged by their counsel.